# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RAMOS BAUTISTA,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>MICHAEL CHERTOFF, et al.,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 08cv0684 JM(NLS)<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; GRANTING APPOINTMENT OF COUNSEL; SCHEDULING ORDER |

**Motion to Proceed in Forma Pauperis**

Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner has also filed a request to proceed in forma pauperis which reflects a $0.00 trust account balance at the facility in which he is presently confined. Petitioner has insufficient funds on account at the facility in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

**Motion for Appointment of Counsel**

Petitioner requests the appointment of counsel to assist him in prosecuting his Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. §2241 because he has little legal experience, lacks

the financial wherewithal to obtain representation, and, given the complexity of the issues raised, cannot adequately address the issues raised in the Petition.  The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation.  See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981).  Under 18 U.S.C. §3006A(g) and 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances" or in the "interests of justice."  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his] claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In light of the legal and factual issues raised in the Petition, the court finds that it is in the interests of justice to appoint counsel to represent Petitioner in this indefinite detention case.  See 18 U.S.C. §3006A(g).  The court appoints the Federal Defenders of San Diego, Inc. to represent Petitioner.

**Scheduling Order**

**1. RESPONDENT IS ORDERED** to file an answer or other responsive pleading to the Petition for Writ of Habeas Corpus.  Respondent shall file the pleading no later than August 8, 2008.  The answer shall include any and all transcripts or other documents relevant to the determination of the issues presented in the Petition.

2. **IT IS FURTHER ORDERED** that if Petitioner wishes to reply to the pleading, a traverse or other appropriate pleading must be filed no later than August 22, 2008.  The court sets oral argument on the Petition for August 29, 2008 at 2:00 p.m.

**IT IS SO ORDERED.**

DATED:  July 9, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:         All parties